**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4654**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WARREN EDWIN MOORE,

    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (4:02-cr-01280-CWH)

Submitted:  September 10, 2009  Decided:  October 7, 2009

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, PA, Charleston, South
Carolina, for Appellant. Rose Mary Sheppard Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren E. Moore appeals from the sentence imposed after the district court held a resentencing hearing upon remand. The district court again imposed a 108-month sentence for knowingly, intentionally, and unlawfully distributing and possessing with intent to distribute, a quantity of cocaine.[*] Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issue of whether Moore was properly resentenced based on a quantity of drugs not charged in the indictment or admitted by the defendant. Counsel also raises a general argument regarding the reasonableness of the sentence. Finding no error, we affirm.

Moore's Sixth Amendment rights were not violated by the court's drug quantity finding because the district court enhanced Moore's Guidelines range based on facts found by it under a preponderance of the evidence standard. Because the district court appropriately treated the resultant Guidelines range as merely advisory, and since Moore's sentence was within the statutory maximum authorized by the jury's verdict, the

---

[*] This case was placed in abeyance for United States v. Antonio, 311 F. App'x 679 (4th Cir. 2009) (No. 07-4791). We have reviewed Antonio and find that it does not change the outcome of this appeal.

district court fully complied with the Sixth Amendment. See United States v. Booker, 543 U.S. 220, 232-44 (2005) (holding that judge-found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); see also Rita v. United States, 551 U.S. 338, 352 (2007) (recognizing that the Court's "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (recognizing only that "the Guidelines must be advisory, not that judges may find no facts"), cert. denied, 129 S. Ct. 950 (2009).

Moore's Anders brief also makes a general reasonable sentence argument. After Booker, a sentencing court must engage in a multi-step process at sentencing. First, it must calculate the appropriate Guidelines range. It must then allow the parties to argue for "whatever sentence they deem appropriate," consider the Guidelines range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006), and select and explain an appropriate sentence. United States v. Abu Ali, 528 F.3d 210, 259-60 (4th Cir. 2008) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 1312 (2009).

3

Appellate review of a sentence is for abuse of discretion. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must ensure that the district court committed no procedural error, such as improperly calculating the Guidelines range, considering the Guidelines to be mandatory, failing to consider the § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 128 S. Ct. at 597.

The appellate court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances, including any variance from the Guidelines range. Pauley, 511 F.3d at 473. This court presumes on appeal a sentence within the Guidelines range to be reasonable; it may not presume a sentence outside the range to be unreasonable. Id.

In imposing Moore's sentence, the district court correctly calculated the Guidelines range and specifically considered both the advisory nature of the Guidelines and the § 3553(a) factors. We therefore conclude that Moore's sentence is both procedurally and substantively reasonable and the district court did not abuse its discretion in imposing the sentence.

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Moore's sentence. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>